SCHAAD *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered March 12, 1917.

CARRIERS—MISDELIVERY OF FREIGHT—DELIVERY TO TRUE OWNER.—A common carrier cannot be mulcted in damages for a misdelivery of goods shipped, where it appears that the delivery was made to the true owner who was at the time entitled to the possession thereof.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Blackwood & Newman,* for appellant.

1. The rights of Albright & Ramsey, if any, are not affected by and do not affect the issues in this case. The

carrier can not set up the right of a third person who has made no demand for the goods as an excuse for not delivering to the person entitled to the goods under a contract of shipment. 97 Mo. 473, 10 Am. St. 331; 175 Mo. 518; 97 Am. St. 609, 614.

2. The claim was presented to the railway company within the time stipulated in the bill of lading. 118 Ark. 327-8. The delivery here was unauthorized. 124 Ga. 482; note 31 L. R. A. (N. S.) 1178; 93 Ark. 537.

3. The company is liable for the wrongful delivery, for "all damages" sustained. Kirby's Digest, § 531; 77 Ark. 482; 115 Ark. 58. The cause of action was established by the uncontradicted proof, and appellee is liable for breach of contract and conversion of the property.

*E. B. Kinsworthy* and *W. G. Riddick,* for appellee.

1. The findings of the jury are conclusive. 68 Ark. 83; 70 *Id.* 512; 74 *Id.* 336; 125 Ark. 136.

2. No cause of action was shown. The company had no notice.

3. Schaad could acquire no rights in the engine from Stainback. The goods were delivered to the true owner. 93 U. S. 575; 56 N. Y. 544.

4. Schaad was indebted to Stainback and there is no proof to show that he had any interest in the engine at all.

5. Plaintiff failed to file his claim in time. The finding is supported by the evidence.

HUMPHREYS, J. Ben D. Schaad Machinery Company, a firm composed of Ben D. Schaad and Oscar Schaad, sold B. W. Stainback, under his business name of Batesville Ice & Cold Storage Company, supplies on open account. The account was reduced to $200 by payments, and then put in the form of a note dated August 16, 1912, and due in thirty days. Stainback had bought the plant known as the "Batesville Ice & Cold Storage Company," from Albright & Ramsey in 1909, who took a mortgage from Stainback on the plant for the payment of the balance of the purchase money. Stainback managed the plant and had possession of the entire property during the years

1909, 1910, 1911, 1912, and until February 1, 1913. An engine and some pumps covered by this mortgage were sent from the plant at Batesville to Ben D. Schaad Machinery Company in Little Rock. On the 27th day of September, 1912, the engine was shipped by the Ben D. Schaad Machinery Company from Little Rock to Batesville, over appellee's railroad, with directions to notify the Batesville Ice & Cold Storage Company, but not to deliver the engine unless the original bill of lading was delivered to appellee. Appellant attached the $200 note aforesaid to the bill of lading and transmitted it to the Central Bank & Trust Company at Batesville, with instructions not to deliver the bill of lading until the note was paid. Contrary to instructions, the appellees delivered the engine to the Batesville Ice & Cold Storage Company. On January 12, 1913, the Batesville Ice & Cold Storage Company became bankrupt and failed and refused to pay the note. Albright & Ramsey foreclosed the mortgage and obtained possession of the property, including the engine, on February 1, 1913.

Appellant brought this suit against appellee in the Pulaski Circuit Court, Third Division, on April 3, 1915, to recover the amount due on said note, alleging that appellee had delivered the engine to the Batesville Ice & Cold Storage Company contrary to shipping instructions. An answer was filed by appellee denying liabilty. The cause was heard upon the pleadings and evidence, and the trial court, sitting by agreement as a jury, found for appellee. The necessary steps were taken and the cause is here on appeal.

Appellants contend that the engine was pledged to secure the indebtedness represented by the note attached to the bill of lading. Appellee asserts that the engine, fixtures and pumps were deposited with appellants for sale, and not pledged as security for the payment of said $200 note. There is a sharp conflict in the testimony on the point. This question of fact has been settled adversely to appellants, and there is sufficient legal evidence in the record to support the verdict.

The undisputed evidence in the case shows that appellee delivered the engine to the Batesville Ice & Cold Storage Company in violation of the shipping order. The order was to deliver the engine upon the presentation of the bill of lading properly indorsed. Appellee permitted the Batesville Ice & Cold Storage Company to take the engine without presenting the bill of lading. At the time the engine was delivered, the bill of lading was in the bank with the $200 note attached thereto. It has been determined by the verdict in this case that the Batesville Ice & Cold Storage Company was the true owner of the engine at the time of delivery, and entitled to the possession thereof. A common carrier can not be mulcted in damages for a misdelivery of goods where it is shown that the delivery was made to the true owner, who was at the time entitled to the possession thereof. *The Idaho,* 93 U. S. 575; *Biddle* v. *Bond,* 6 Best & Smith, 225; *The Western Transportation Co.* v. *Barber,* 56 N. Y. 544.

Under this view of the law, it is unnecessary to consider the other questions presented and splendidly argued by learned counsel for appellants and appellee.

The judgment is affirmed.